## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARCUS T. ROBINSON**                                     **CIVIL ACTION**

**VERSUS**                                                 **NO.  06-3760**

**MARLIN GUSMAN, SHERIFF AND**                             **SECTION "N"(4)**
**SPECIAL INVESTIGATION**
**DEPARTMENT (SID), TIER DEPUTIES**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Summary**

The plaintiff, Marcus T. Robinson ("Robinson"), was incarcerated in the Allen Correctional Center in Kinder, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* complaint. Robinson filed this complaint  pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, unidentified deputies, and the Special Investigation Department of the

Orleans Parish Criminal Sheriff's Office seeking damages as a result of the conditions to which he was exposed during the aftermath of Hurricane Katrina.

Robinson alleges that he was housed on the third floor of the Templeman Jail, Phase II within the Orleans Parish Prison system on August 29, 2005, when Hurricane Katrina struck the New Orleans area.  He alleges that the water began to rise from the toilets and floor drains.  He claims that his calls for help were ignored although he was told that someone was coming to get him. He also claims that the deputies left their posts to check on their families.  He complains that he and other inmates remained with sewerage water on the floor from about 4:00 p.m. on August 29, 2005 until 1:00 p.m. on September 1, 2005.

He further alleges that the inmates broke windows to get air because there was no electrical power.  He also claims that there was no food or water since the day before the storm.

Robinson also states that he was evacuated from the jail by boat to the Broad Street bridge. He was later transferred to the Lafayette Parish Jail where he was finally fed.

Robinson alleges that he suffered great hardship in violation of his state and federal constitutional rights.  In the addendum to his complaint, Robinson claims that he suffered physical injury as a result of the conditions in the jail.  He specifically claims that he suffered nausea and vomiting caused by the awful smell and taste of raw sewerage and water that covered the prison floors.  This, he claims, should entitle him to recover for the emotional and psychological aspects of this experience.

Robinson also alleges that he suffered deliberate indifference to his medical needs, was denied food, and was made to sit in the heat while awaiting evacuation.   He claims that the delay

of emergency help evidences the intentional denial or concern for the inmates.  He seeks monetary damages and a jury trial.

II.   **Standard of Review**

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

III.   **Analysis**

    A.    **Claims Against Sheriff Gusman and the unidentified Deputies**

Robinson complains that the evacuation process at Templeman Phase II during Hurricane Katrina was not timely and was negligently performed.  As a result, he claims that he was left without food, medical attention, and drinking water for a couple of days.  He complains further that he was left to live near raw sewerage which caused nausea and vomiting.  He contends that the manner and timing of the evacuation was cruel and unusual punishment and also violated the Louisiana Constitution.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted).  "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983.  However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his

constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Robinson alleges that some of the unidentified prison guards left them in the facility. He does not identify these guards and therefore has not properly named them as defendants. Nevertheless, he has not established a constitutional violation by the guards or a basis for liability to be placed under § 1983 against Sheriff Gusman for their actions. He has not alleged that Sheriff Gusman was personally involved in the events at the prison or the denial of provisions before or during the evacuation. Therefore, the claim against the Sheriff should be dismissed.

Furthermore, to the extent Robinson claims that Sheriff Gusman acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986). Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) (concluding that "[e]ven when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a

deprivation of due process under the Constitution.")  An official, such as the unidentified parties, must act with deliberate indifference to be liable under § 1983.  An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).  "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm."  *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

In addition, Robinson has also failed to show that the temporary conditions caused by the hurricane violated his constitutional rights.  In order to prove that the conditions of his confinement violated the Fourteenth Amendment, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living".  *Farmer*, 511 U.S. at 834.  An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs.  *Hare*, 74 F.3d at 633.

Robinson alleges that he sat in the prison for several days before being evacuated and that he was without food, water and electricity which caused him great mental distress.  Even if Robinson could establish that the neglect he complains of amounted to some intentional failure on the part of the prison staff, he could only recover under § 1983 if he can show that he sustained a physical injury as a result of these temporary conditions.

The only discomfort alleged by Robinson is nausea and vomiting caused by the unpleasant smell of sewerage combined with the lack of food and drinking water.  However, Title 42 U.S.C.

§ 1997e(e) provides that "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The United States Fifth Circuit, in interpreting this provision, has held that the phrase "physical injury" in § 1997e(e) requires an injury that is more than *de minimis*, but need not be significant. *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (quoting *Harper v. Showers*, 174 F.3d at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (where the Fifth Circuit set forth its § 1997e(e) definition of physical injury))).

In *Alexander*, the Fifth Circuit held that vomiting and nausea were *de minimis* injuries and were therefore insufficient for recovery under § 1997e(e). *Alexander*, 351 F.3d at 631. These same symptoms have been alleged by Robinson. Therefore, Robinson's claims against the Sheriff and the unidentified deputies seeking recovery for emotional damages based on nausea and vomiting should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e)(2) and Title 42 U.S.C. § 1997e(c)(1).

**B.    Claims against the Special Investigation Department**

Robinson has named the Special Investigation Department ("SID") within the Orleans Parish Criminal Sheriff's Office as a defendant. He has not alleged any action or inaction by any specific or identifiable member of this unit.

In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the SID unit, as a part of the Orleans Parish Criminal Sheriff's Office, can be sued.[1] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This

---

[1] Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* FED. R. CIV. P. 17(b).

term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code art. 24.

The State of Louisiana grants no such legal status to any Parish Sheriff's Office. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977).  Thus,  the Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Accordingly, the SID unit within the Orleans Parish Criminal Sheriff's Office is not a juridical person capable of being sued under § 1983.  The claims against this entity are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

**C.    Claims under the Louisiana Constitution**

Robinson contends that the actions of the Sheriff and the unidentified tier officers violated his state constitutional rights which also forbid cruel and unusual punishment and otherwise acted negligently in abandoning the jail and delaying evacuation.  Under a broad reading, he brings these claims under state law.  Specifically, he indicates that his claims are brought under Section 20 of the Louisiana State Constitution which provides that  no law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment.  Also, La. Civ. Code art. 2315 *et seq.* provides that a person is liable for any act whatsoever which cause injury to another.

The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial."  (citation omitted) *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999); *accord Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

The court is recommending dismissal of Robinson's federal claims in their entirety as frivolous and otherwise for failure to state a claim for which relief can be granted.  Therefore, his state law claims should be dismissed without prejudice to his ability to assert them in the appropriate state forum as the Court declines to exercise its supplemental jurisdiction.

**IV.**    **Recommendation**

It is therefore **RECOMMENDED** that Robinson § 1983 claims against Sheriff Gusman, SID, and the unidentified deputies be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that Robinson's claims brought pursuant to the Louisiana Constitution and state law be **DISMISSED WITHOUT PREJUDICE** because the Court declines to exercise its supplemental jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ____28th____ day of _____February_____, 2007.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**